P.003



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

SAMI HANAITY
Vs.
MARJORIE MCMAHON

C.A. No.   2005 CA 007196 B

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case is assigned to the judge designated below. All future filings in this case shall bear the name of the judge currently assigned to the case beneath the case number in the caption. Upon the filing of any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued by the judge to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive reading. As to the defendant who has failed to respond, a default will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. This order is the only notice that parties and counsel will receive concerning this Conference.

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference once, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge RUSSELL F CANAN
Date:   September 6, 2005
Initial Conference: 9:30 am, Friday, December 16, 2005
Location: Courtroom 518
   500 Indiana Avenue N.W.
   WASHINGTON, DC 20001

Caio-60.doc

EXHIBIT 1

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 | Telephone: 879-1133

**05-0007196**

SAMI HANAITY

*Plaintiff*

vs.

MARJORIE MCMAHON

*Defendant*

Civil Action No. [          ]

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, NW, between 9:00 am and 4:00 pm, Mondays through Fridays or between 9:00 am and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Christopher M. Johns, Esq.
Name of Plaintiff's Attorney

Christopher M. Johns, LLC
Address

Box 975, Laurel, MD 20725

301-674-6900
Telephone

By _____
*Deputy Clerk*

Date: September 6th, 2005

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPAÑOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

RECEIVED
2005 AUG -6 P 11: 36
DISTRICT OF COLUMBIA COURTS

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

05-0007196

SAMI HANAITY
101 South Whiting Street, Apt. 1103
Alexandria, VA 22304
    Plaintiff,
vs.

MARJORIE MCMAHON
1215 Farragut Street
Pittsburgh, PA 15206; and,

BARBARA A. MCMAHON
1215 Farragut Street
Pittsburgh, PA 15206
    Defendants.

Case No.:


RECEIVED
Civil Clerk's Office
SEP 0 6 2005
Superior Court of the
District of Columbia
Washington, D.C.

JURY DEMAND

COMPLAINT
(Automobile Negligence)

NOW COMES Plaintiff Sami Hanaity, through undersigned counsel, hereby sues defendants Marjorie McMahon and Barbara McMahon, and for a cause of action states:

1. Plaintiff Sami Hanaity resides in Alexandria, Virginia.

2. Defendant Marjorie McMahon and Barbara McMahon reside in Pennsylvania.

3. However, the operative facts took place in the District of Columbia.

4. Jurisdiction of this Court is founded on D.C. Code (1981 Edition), Section 11-921 and/or jurisdiction is founded on D.C. Code (1981 Edition), Sections 13-423(1) and (3).

5. On 10-03-2004, the plaintiff was operating his vehicle on east on Pennsylvania Avenue, N.W., Washington D.C. at the intersection of 24th Street, when the plaintiff stopped his vehicle at a red traffic signal in the right hand lane. At that time and place, the vehicle owned by defendant Barbara McMahon, and operated by defendant Marjorie McMahon, struck and collided with the rear of the plaintiff's vehicle.

1

6. At the time of the accident, the vehicle that defendant Marjorie McMahon was driving and the vehicle that the plaintiff was driving were both traveling in the same direction. As such, defendant had a primary duty to avoid the rear end collision. Defendant breached the duty that she owed to plaintiff to avoid the rear end collision. Defendant Marjorie McMahon failing to avoid the rear end collision was a substantial cause of the accident.

7. At the time of the accident, the vehicle that defendant Marjorie McMahon was driving was using the same road way as the vehicle that the plaintiff was driving. As such, defendant Marjorie McMahon had a duty to always keep a proper look out. Defendant Marjorie McMahon breached her duty to keep a proper look out and to protect other drivers, like the plaintiff, because she failed to reasonably observe plaintiff's vehicle, she failed to reasonably observe the traffic, and/or she failed to reasonably observe other conditions, which confronted defendant Marjorie McMahon while she used the roadway behind, and in plain view of, plaintiff's vehicle. Defendant Marjorie McMahon breached the duty that she owed plaintiff to maintain a proper look out. Defendant Marjorie McMahon failing to maintain a proper look out was a substantial cause of the accident.

8. Defendant Marjorie McMahon also owed a duty to other drivers, such as the plaintiff, to maintain proper control of, or over, the vehicle that she was driving at the time of the accident. At the time of the accident, the vehicle that plaintiff was driving was in a stationary position. Defendant Marjorie McMahon drove the vehicle that she was driving into the rear of the plaintiff's vehicle. Defendant Marjorie McMahon breached the duty that she owed to the plaintiff to maintain proper control of, or over, the vehicle that she was driving. Defendant's failure to maintain proper control was a substantial cause of the accident.

9. At the time of the accident, defendant Marjorie McMahon owed a duty to other drivers, such as plaintiff, not to drive the vehicle that she was driving at an excessive speed

2

under the circumstances. At the time and place of the accident, the circumstances were that plaintiff's vehicle was in a stopped position along with other vehicles that were also stopped and directly in front of plaintiff's vehicle. The circumstances were also that the vehicle that defendant was driving was behind plaintiff's vehicle and using the same road way that plaintiff, and the other vehicles stopped in front of him, were also using, and while doing so, she drove the vehicle she was driving at a high rate of speed into the rear of plaintiff's vehicle. In addition, defendant drove the vehicle that she was driving in excess of the posted speed limits there in effect at the time and place of the accident and/or for the circumstances. She breached the duty that she owed plaintiff not to do so. Defendant was driving in excessive of posted limits and/or for the circumstances was a substantial cause of the accident.

10. Defendant Marjorie McMahon also owed a duty to other people using the same road way, such as plaintiff, to use ordinary care to avoid colliding with other people's vehicles, such as plaintiff's vehicle, and to protect other people, such as plaintiff, by following the traffic laws that were then in effect. Defendant breached these duties that she owed to plaintiff by not using ordinary care and/or by violating traffic laws that were in effect. Her not using ordinary care and/or violating traffic laws was a substantial cause of the accident.

11. Defendant Marjorie McMahon and Barbara McMahon, either as owner, or as co-owners, of the vehicle that defendant Marjorie McMahon was driving at the time of the accident, owed a duty to other motorist, like plaintiff, who were also using the same road way, to keep their vehicle adequately and sufficiently maintained. Defendants breached this duty by not keeping the or their vehicle, defendant was driving at the time of the accident, adequately and sufficiently maintained and not doing so was a substantial cause of the accident.

12. At the time of the accident, the vehicle that defendant Marjorie McMahon was driving was owned either by, or co-owned by, defendant Marjorie McMahon and/or defendant

3

Barbara McMahon. Defendant Barbara McMahon is liable for the resulting (herein stated) injuries and damages to the plaintiff pursuant to D.C. Code Section 50-1301.08 (2003) in that defendant Barbara McMahon, as aforesaid, was an owner or co-owner of the vehicle that defendant Marjorie McMahon was driving at the time and place of the accident.

13. On information and belief, at the time of the accident, defendant Marjorie McMahon was driving the vehicle as an agent of defendant Barbara McMahon in that her itinerary related to matters over which defendants had joint responsibility, custody, benefit and/or enterprise. Defendant Barbara McMahon Ruby is liable for the negligence of defendant Marjorie McMahon, as her principal.

14. The aforesaid negligence was a proximate cause of the accident and the injuries and damages sustained by plaintiff. Plaintiff sustained serious and permanent physical, mental, emotional injuries and economic damages having, and which will continue to have, a substantial painful, adverse and debilitating effect on plaintiff's physical, mental, emotional and economic well-being. Plaintiff has suffered continuous, intense and permanent physical, mental and emotional debilitating pain, suffering, distress, agony, despair, anxiety, embarrassment, humiliation, and depression which he will suffer into the foreseeable future. Plaintiff has sustained past medical expenses and costs and will incur future medical expenses and costs. Plaintiff has sustained a loss of earnings and/or earnings capacity and will sustain a loss of earnings and/or earnings capacity in the future. Plaintiff has sustained economic hardships. Plaintiff has suffered and will likely continue to suffer from a loss of sleep. Plaintiff has been inconvenienced and will be continuously inconvenienced in the future. The above injuries and damages that plaintiff has sustained, are sustaining, and in the future will sustain, had, have, and will have a substantial adverse effect on his overall well being.

4

WHEREFORE, plaintiff Sami Hanaity hereby demands a judgment against defendant Marjorie McMahon and defendant Barbara McMahon, jointly and severally, in excess of One Hundred Thousand Dollars ($100,000.00), post judgment interest, costs of this action, and such further and proper relief that the court deems appropriate under the circumstances.

Respectfully submitted,
CHRISTOPHER M. JOHNS LLC

Christopher M. Johns, Esq.
DC Bar Number 433783
Box 975, Laurel, MD 20725
Telephone: 301-674-6900

### JURY DEMAND

Plaintiff, through counsel, hereby demands trial by a 6 person jury.

Christopher M. Johns, Esq.

RECEIVED 2005 AUG -9 P 11: 38 DISTRICT OF COLUMBIA COURTS

5