IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMI HANAITY | * |
| Plaintiff | * |
| v. | *   Case No._____ |
| MARJORIE McMAHON, et al. | * |
| Defendants | * |

\*   \*   \*   \*   \*   \*   \*

## ANSWER TO COMPLAINT

The Defendant, Marjorie McMahon, by her attorneys, Robert L. Hebb and Semmes, Bowen & Semmes, hereby answers the Plaintiff, Sami Hanaity's Complaint and states with good cause the following:

### FIRST DEFENSE

The Complaint fails to state a cause of action against the Defendants upon which relief can be granted.

### SECOND DEFENSE

The Defendant was not negligent and denies liability generally.

### THIRD DEFENSE

Plaintiff's claims are barred by contributory negligence.

### FOURTH DEFENSE

Plaintiff's claims are barred by assumption of risk.

### FIFTH DEFENSE

Plaintiff's claims are barred by waiver and estoppel.

### SIXTH DEFENSE

Plaintiff's claimed damages are excessive, and Plaintiff has failed to mitigate her damages.

### SEVENTH DEFENSE

Plaintiff's claims are barred by the statute of limitations, and improper jurisdiction and venue.

### EIGHTH DEFENSE

Plaintiff's claims are barred by laches.

### NINTH DEFENSE

Plaintiff's claims are barred by accord and satisfaction.

### TENTH DEFENSE

Plaintiff's claims are barred by collateral estoppel and/or *res judicata*.

### ELEVENTH DEFENSE

Plaintiff's claims are barred by repose.

### TWELFTH DEFENSE

Plaintiff's claims are barred by fraud.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred by privilege.

### FOURTEENTH DEFENSE

Plaintiff's claims are barred by total or partial immunity.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred by the statute of frauds.

### SIXTEENTH DEFENSE

Plaintiff's claims are barred by ultra vires.

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred by usury.

### EIGHTEENTH DEFENSE

Plaintiff's claims are barred by release.

### NINETEENTH DEFENSE

If the Plaintiff incurred the injuries or illness as alleged in the Complaint, the same did not result from any act or omission of the Defendants, but such injury or illness, if any, was caused in whole or in part, by an act or omission of persons other than the Defendants, for whose acts or omissions the Defendants are not liable.

### TWENTIETH DEFENSE

Any damages sustained by the Plaintiff are the result of intervening or superseding events, occurrences, or conditions for which the Defendants are not responsible and over which the Defendants did not have control.

### TWENTY-FIRST DEFENSE

The Defendants acted in good faith at all times.

### TWENTY-SECOND DEFENSE

The Defendants acted with reasonable belief and good faith at all times.

## TWENTY-THIRD DEFENSE

1. The Defendant does not have personal knowledge to admit and/or deny the allegations contained in paragraph 1 of the Plaintiff's Complaint; therefore, said allegations are denied.

2. The Defendant admits the allegations contained in paragraph 2 of the Plaintiff's Complaint as it pertains to Barbara McMahon but denies the allegations as they pertain to Marjorie McMahon.

3. In reference to paragraph 3 of the Complaint, the allegations lack any specificity; therefore, said allegations are denied.

4. The Defendant denies the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5. In reference to the allegations contained in paragraph 5 of the Complaint, the Defendant admits that an incident took place on or about October 3, 2004 at or near the intersection of Pennsylvania, N.W., and 24th Street. However, the Defendant denies the remaining allegations contained in paragraph 5 of the Plaintiff's Complaint.

6. The Defendant denies the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7. The Defendant denies the allegations contained in paragraph 7 of the Plaintiff's Complaint as stated.

8. The Defendant denies the allegations contained in paragraph 8 of the Plaintiff's Complaint as stated.

9. The Defendant denies the allegations contained in paragraph 9 of the Plaintiff's Complaint as stated.

10. The Defendant denies the allegations contained in paragraph 10 of the Plaintiff's Complaint as stated.

11. The Defendant denies the allegations contained in paragraph 11 of the Plaintiff's Complaint as stated; and further proffers that Barbara McMahon was not the owner of the vehicle.

12. The Defendant denies the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13. The Defendant denies the allegations contained in paragraph 13 of the Plaintiff's Complaint.

14. The Defendant denies the allegations contained in paragraph 14 of the Plaintiff's Complaint.

WHEREFORE, having fully answered, Defendant, Marjorie McMahon, prays that the Complaint be dismissed, with costs.

_____
Robert L. Hebb

_____
Semmes, Bowen & Semmes
250 W. Pratt Street
Baltimore, Maryland  21201
(410) 539-5040

Attorneys for Defendant,
Marjorie McMahon

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _10_ day of November, 2005, a copy of the foregoing Answer to Complaint and Request for Jury Trial was mailed, first-class, postage prepaid, to Christopher M. Johns, Esquire, Box 975, Laurel, Maryland 20725, Attorney for Plaintiff.

_____
Robert L. Hebb

B0564086.WPD; 9685-3347

IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SAMI HANAITY | * | |
| Plaintiff | * | |
| v. | * | Case No._____ |
| MARJORIE McMAHON, et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \*

### REQUEST FOR JURY TRIAL

The Defendant, Marjorie McMahon, by her attorneys, Robert L. Hebb and Semmes, Bowen & Semmes, respectfully requests a trial of the above-captioned case by jury.

_____
Robert L. Hebb

_____
Semmes, Bowen & Semmes
250 W. Pratt Street
Baltimore, Maryland  21201
(410) 539-5040

Attorneys for Defendant,
Marjorie McMahon

B0564086.WPD; 9685-3347

-7-