IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SAMI HANAITY | * | |
| Plaintiff | * | |
| v. | * | Case No._____ |
| MARJORIE McMAHON, et al. | * | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT, BARBARA A. McMAHON'S
MOTION TO DISMISS AND/OR IN THE ALTERNATIVE
<u>MOTION FOR SUMMARY JUDGMENT</u>**

The Defendant, Barbara A. McMahon, by her attorneys, Robert L. Hebb and Semmes, Bowen & Semmes, hereby submits this Memorandum of Law in Support of her Motion to Dismiss and/or in the Alternative Motion for Summary Judgment.

<u>**Factual Allegations**</u>

The Plaintiff initiated this lawsuit seeking to recover damages as a result of a motor vehicle accident that occurred on or about October 3, 2004. The accident occurred in the District of Columbia. The Plaintiff alleges that the Defendant driver, Marjorie McMahon, was negligent in the operation of her vehicle. Furthermore the Plaintiff alleges that this Defendant, Barbara McMahon, was the owner of the vehicle and, as such, is liable to the Plaintiff pursuant to D.C. Code section 50-1301.08 (2003).

This Defendant, Barbara McMahon, denies the allegation that she was the owner of the vehicle involved in the occurrence. Furthermore, Barbara McMahon denies that her daughter, Co-Defendant, Marjorie McMahon, was acting as her servant, agent and/or employee at the time

of the occurrence. *See* Exhibit 1. At the time of the occurrence, this Defendant's daughter, Marjorie McMahon, was residing in the District of Columbia while attending the George Washington University. *See* Exhibit 1. Marjorie McMahon's use of the vehicle involved in the occurrence was for her sole benefit, and she was not acting as the agent, servant and/or employee of any individual. *See* Exhibit 1.

## Standard of Review

Plaintiff's Complaint fails to state a claim against this Defendant upon which relief may be granted. The Court shall dismiss a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) when "it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). When considering a motion to dismiss under Rule 12(b)(6), "[t]he court need not . . . accept unsupported legal conclusions, legal conclusions couched as factual allegations, or conclusory factual allegations devoid of any reference to actual events." *Terry v. Legato Systems, Inc.*, 241 F. Supp. 2d 566, 569 (D. Md. 2003)(emphasis added). Plaintiff's Complaint contains no factual allegations which would entitle her to the relief requested. In the alternative, summary judgment is proper if the evidence before the court establishes that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Causey v. Balog*, 162 F.3d 795, 800 (4th Cir. 1998); *see also Turner v. Kight*, 192 F. Supp.2d 391, 397-98 (D. Md. 2002). Rule 56 mandates summary judgment against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at

322; s*ee also, Doughty Communications, Inc. v. Novatel Computer Systems, Corp.,* 217 F. Supp. 581, 591 (D. Md. 1992).  "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial [and] the moving party is 'entitled to judgment as a matter of law.'" *Celotex*, 477 U.S. at 323 (citations omitted).

### Argument

This Defendant, Barbara McMahon, is entitled to judgment in her favor as she was not the owner of the vehicle involved in the occurrence as alleged by Plaintiff.  Plaintiff reliance upon D.C. Code section 50-1301.08 is erroneous under the factual circumstances as alleged within the Defendant's Affidavit.  As this Defendant, Barbara McMahon, was not the owner of the vehicle at any time, this Defendant owes no duty to the Plaintiff by statute and/or common law.  D.C. Code section 50-1301.08 is not applicable as this Defendant is not the owner of the vehicle involved in the occurrence.  *See* Exhibit 1.

Lastly, Co-Defendant, Marjorie McMahon, was not acting as the agent, servant or employee of this Defendant on the date of the occurrence.

WHEREFORE, Defendant, Barbara McMahon, respectfully requests this Honorable Court to grant her Motion to Dismiss and/or in the Alternative Motion for Summary Judgment.

_____
Robert L. Hebb (#449904)

_____
Semmes, Bowen & Semmes
250 W. Pratt Street
Baltimore, Maryland 21201
(410) 539-5040

Attorneys for Defendant,
Barbara A. McMahon

B0564492.WPD; 9685-3347